# Affidavit in Support of
# Application for Search Warrant

I, Deputy William A. Givens, am employed with the Mobile County Sheriff's Office as a Narcotics Detective, currently assigned to the Drug Enforcement Administration as a Task Force Officer. I have been employed with the Sheriff's Office for sixteen years, fourteen of the sixteen as a Detective either with the Major Crimes Unit, Property Crimes or the Narcotics Unit. Prior to the Sheriff's Office I was employed at the City of Mobile Police Department for seven years. During my time with the Mobile P.D., I worked as a Homicide Detective, as a Burglary Detective and as a Patrol Officer. I have personally been responsible for numerous Search Warrants and or have assisted in over seventy-five warrants in the past twenty-two years working as a Law Enforcement Officer. I have received training in the conduct of drug dealers and related investigations, to include the manufacture of certain types of illegal drugs. I have experience in debriefing defendants, confidential sources of information, witnesses, and other persons having personal experience and knowledge of the acquisition, transportation and distribution of illegal controlled substances.

On January 25, 2021, I interviewed a cooperating witness ("Individual A") who had previously been housed in the Conecuh County Jail. Conecuh County Jail is a state facility that houses federal inmates pursuant to a contract with the U.S. Marshalls' Service.

Individual A was an inmate in Conecuh County between May and October 2020. Individual A provided information regarding contraband inside the Conecuh County Jail. Around August 2020, Individual A was housed with two female inmates, ▆▆▆▆▆▆▆▆▆ and ▆▆▆▆▆▆▆▆▆, among others. According to Individual A, ▆▆▆▆'s aunt had purchased her a new cell phone – specifically an AT&T LG Cell Phone bearing IMEI: 353953-

11-170250-5 (the "Subject Cell Phone") - prior to ▮▮▮ becoming an inmate in Conecuh County. At the time ▮▮▮ was booked into Conecuh County Jail, the Subject Cell Phone was taken into and retained in the Property Room where only Deputies and Corrections Officers are authorized to enter. Per Individual A, after ▮▮▮ had been locked up for a period of time, her aunt cancelled service from the initial provider for the Subject Cell Phone.

According to Individual A, ▮▮▮ and ▮▮▮ engaged in a 3-way sex act with Corrections Officer ▮▮▮ in exchange for ▮▮▮ unlawfully giving ▮▮▮ the Subject Cell Phone from the Property Room. The sex act purportedly took place inside the cell / room of an inmate referred to here as "Individual B." Further, according to Individual A, once ▮▮▮ realized that she could did not have any cellular service on the Subject Cell Phone, she performed oral sex on ▮▮▮ in exchange for ▮▮▮ providing her with the WiFi password for the Conecuh County Jail WiFi network. The oral sex also purportedly took place inside Individual B's room / cell. According to Individual A, one of the sex acts was recorded on the Subject Cell Phone. Further, according to Individual A, ▮▮▮ and ▮▮▮ used the phone to solicit payments via the "Cash App" in exchange for elicit photos which were taken and transmitted using the Subject Cell Phone while ▮▮▮ and ▮▮▮ were inmates in Conecuh County.

A separate inmate, referred to here as "Individual C," wrote a letter to someone outside the jail wherein Individual C discussed ▮▮▮ having possession of a cell phone inside the women's dorm. The outgoing letter was reviewed in accordance with Conecuh County Jail's administrative procedures and led to a search of the women's dorm. ▮▮▮'s cell phone was discovered and seized during this search. Conecuh County Jail Administrator ▮▮▮ identified the Jail's WiFi as the source of internet for the Subject Cell Phone. ▮▮▮ then confronted ▮▮▮ about the Subject Cell Phone and she admitted it was hers.

Based on the information obtained from Individual A and ▮▮▮▮, I believe there is probable cause that ▮▮▮, ▮▮▮▮▮ and ▮▮▮ violated 18 U.S.C. § 1791, Providing or Possessing Contraband in Prison, and I believe that there is probable cause that the Subject Cell Phone is itself evidence of a crime and may contain further evidence of this and other criminal violations. I am respectfully requesting a Search Warrant to search the Subject Cell Phone, including but not limited to its contents, as set forth in Attachment B.

TFO William A. Givens, DEA
Mobile Field Office

THE ABOVE AGENT HAS ATTESTED TO THIS AFFIDAVIT PURSUANT TO FED. R. CRIM. P. 4.1(b)(2)(B) THIS DAY OF JANUARY, 2021

U.S. Magistrate Judge Katherine P. Nelson
Digitally signed by U.S. Magistrate Judge Katherine P. Nelson
DN: cn=U.S. Magistrate Judge Katherine P. Nelson, o=Federal Judiciary, ou=U.S. Government, email=efile_nelson@alsd.uscourts.gov, c=US
Date: 2021.01.28 13:56:41 -06'00'

UNITED STATES MAGISTRATE JUDGE

Certified to be a true and correct copy of the original.
Charles R. Diard, Jr.
U.S. District Court
Southern District of Alabama
By: Tina Wood
Deputy Clerk
Date: January 28, 2021

## ATTACHMENT A

PROPERTY TO BE SEARCHED

This warrant applies to the contents of an AT&T LG Cell Phone bearing IMEI: 353953-11-170250-5 that is currently in the possession of the Drug Enforcement Administration, depicted below.



## ATTACHMENT B

PARTICULAR THINGS TO BE SEIZED

Information to be Disclosed:  **All contents and information in the Subject Cell Phone**, including but not limited to, all data, GPS location information, stored images or video, call logs, contacts, communications (emails, texts, SMS messages, etc.).